ELIZABETH B. WYDRA (BAR NO. 218200)
BRIANNE J. GOROD
BRIAN R. FRAZELLE
ASHWIN P. PHATAK
CONSTITUTIONAL ACCOUNTABILITY CENTER
1200 18th Street, NW, Suite 501
Washington, D.C. 20036
Tel.: (202) 296-6889
Fax: (202) 296-6895
elizabeth@theusconstitution.org

*Counsel for* Amici Curiae *Federal Courts Scholars*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION**

| | |
|---|---|
| STATE OF CALIFORNIA, *et al.*,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States, *et al.*,<br><br>　　　　Defendants. | Civil Action Nos. 4:19-cv-00872-HSG, 4:19-cv-00892-HSG<br><br>P.I. Hearing Date: May 17, 2019<br>Time: 10:00AM<br><br>**CONSENT MOTION OF FEDERAL COURTS SCHOLARS FOR LEAVE TO FILE *AMICI CURIAE* BRIEF IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION** |
| SIERRA CLUB and SOUTHERN BORDER COMMUNITIES COALITION,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States, *et al.*,<br><br>　　　　Defendants. | |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT federal courts scholars hereby respectfully move the Court for leave to file a brief *amici curiae* in the above-captioned cases in support of Plaintiffs' motions for a preliminary injunction. A copy of the proposed *amici curiae* brief is appended as an exhibit to this motion.

## I.  STANDARD FOR MOTION FOR LEAVE TO FILE BRIEF OF *AMICI CURIAE*

District courts have discretion to permit third parties to participate in an action as *amici curiae*, and courts have "exercised great liberality" in allowing *amicus* briefs. *Woodfin Suite Hotels, LLC v. City of Emeryville*, No. C 06-1254 SBA, 2007 WL 81911, at *3 (N.D. Cal. Jan. 9, 2007) (internal quotation marks and citations omitted). District courts frequently accept *amicus* briefs from non-parties when the legal issues in a case "have potential ramifications beyond the parties directly involved" or if the *amici* have "unique information or perspective that can help the court." *NGV Gaming, Ltd. v. Upstream Point Molate, LLC*, 355 F. Supp. 2d 1061, 1067 (N.D. Cal. 2005) (internal quotation marks and citations omitted). There are no strict prerequisites that must be established to qualify for *amicus* status; the sole criterion is that the applicant make a showing that its "participation is useful to or otherwise desirable to the court." *Woodfin Suite Hotels*, 2007 WL 81911, at *3 (quoting *In re Roxford Foods Litig.*, 790 F. Supp. 987, 997 (E.D. Cal. 1991)).

## II.  STATEMENT OF IDENTITY AND INTEREST OF *AMICI CURIAE*

*Amici curiae* are federal courts scholars with expertise in the jurisdiction of the federal courts. They are thus particularly well-suited to provide the Court with a detailed response to the government's argument that this Court cannot hear this case because Plaintiffs have not pointed to an express statutory cause of action. *Amici* are:

1

- Erwin Chemerinsky, Dean, Jesse H. Choper Distinguished Professor of Law, University of California, Berkeley Law

- Michael C. Dorf, Robert S. Stevens Professor of Law, Cornell Law School

- David A. Strauss, Gerald Ratner Distinguished Service Professor of Law, Faculty Director of the Jenner & Block Supreme Court and Appellate Clinic, University of Chicago Law School

- Stephen I. Vladeck, A. Dalton Cross Professor in Law, University of Texas School of Law

### III. PROPOSED *AMICI CURIAE* BRIEF'S RELEVANCE AND AID TO THE COURT

The proposed, attached *amici curiae* brief plainly satisfies this Court's standard for accepting such briefs because it offers a detailed response to one argument the government makes in its opposition to Plaintiffs' motion for a preliminary injunction in *Sierra Club v. Trump*, No. 4:19-cv-00892-HSG. Specifically, the government argues that Plaintiffs "do not identify any private right of action in the statutes they challenge" or any other "cause of action" and therefore this Court should deny the motion. Gov't Opp. 12. As *amici* know, however, there is a long history of courts of equity hearing claims that executive branch officials have exceeded their statutory power, and the Supreme Court has repeatedly recognized that redressing such claims is within the equitable power of the federal courts. This case falls squarely within that legal tradition and within Supreme Court precedent.

### IV. POSITION OF THE PARTIES

Counsel for all parties have consented to the filing of this brief.

## V. CONCLUSION

For the foregoing reasons, *amici* respectfully request this Court's leave to file the attached brief.

DATED: May 2, 2019                      Respectfully submitted,

/s/ Elizabeth B. Wydra
Elizabeth B. Wydra (Bar No. 218200)
Brianne J. Gorod
Brian R. Frazelle
Ashwin Phatak
CONSTITUTIONAL ACCOUNTABILITY CENTER
1200 18th Street, N.W.
Suite 501
Washington, D.C. 20036
(202) 296-6889
elizabeth@theusconstitution.org

*Counsel for* Amici Curiae *Federal Courts Scholars*

3

CONSENT MOTION OF FEDERAL COURTS SCHOLARS                                    Case Nos. 4:19-cv-00872-HSG,
FOR LEAVE TO FILE *AMICI CURIAE* BRIEF                                              4:19-CV-00892-HSG