JAMES M. BURNHAM
Deputy Assistant Attorney General
JOHN R. GRIFFITHS
Director, Federal Programs Branch
ANTHONY J. COPPOLINO
Deputy Director, Federal Programs Branch
ANDREW I. WARDEN (IN #23840-49)
Senior Trial Counsel
KATHRYN C. DAVIS
MICHAEL J. GERARDI
LESLIE COOPER VIGEN
RACHAEL WESTMORELAND
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, D.C. 20530
Tel.:     (202) 616-5084
Fax:     (202) 616-8470
*Attorneys for Defendants*

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
## OAKLAND DIVISION

|  |  |
|---|---|
| SIERRA CLUB, *et al.*,<br><br>                    Plaintiffs,<br><br>        v.<br><br>DONALD J. TRUMP, *et al.*,<br><br>                    Defendants. | No. 4:19-cv-00892-HSG<br><br>**DEFENDANTS' RESPONSE TO THE COURT'S MAY 13, 2019 ORDER**<br><br>Hearing Date:  May 17, 2019<br>Time:  10:00 a.m.<br>Place:  Oakland Courthouse<br>          Courtroom 2, 4th Floor |

Defendants hereby submit the following response to the questions posed in the Court's May 13, 2019 Order regarding status of funds used for border barrier construction under the disputed statutes in this case.

### 1.   Updated Information About the Status and/or Use of Funds

#### A.   Treasury Forfeiture Fund (TFF)

As explained in Defendants' opposition brief in the States' case, TFF funds are being made available to U.S. Customs and Border Protection (CBP) in two tranches.  *See* Defs' Opp. at 9 (No. 4:19-cv-00872, ECF No. 89).  The first tranche of $242 million was made available to CBP for obligation on March 14, 2019.  *Id.*  CBP will be obligating the first $242 million through an Interagency Agreement with the U.S. Army Corps of Engineers.  *See* Third Declaration of Loren Flossman ¶ 4 (May 14, 2019) (attached as Exhibit 1).  CBP will retain a small portion of the $242 million for program support on the TFF funded projects.  *Id.*  The Interagency Agreement will likely be in place by June 2019.  The second tranche of $359 million is expected to be made available for obligation at a later date upon Treasury's receipt of additional anticipated forfeitures.  *See* Defs' Opp. at 9.

CBP plans to use TFF funds exclusively for projects in the Rio Grande Valley Sector.  *See* Third Flossman Decl. ¶ 5.  CBP may use some TFF funds for planning related to barrier construction projects in other sectors, but no decisions have been made to use TFF funds for that purpose.  *Id.*

#### B.   10 U.S.C. § 284 & § 8005 of the DoD Appropriations Act

On May 13, 2019, Defendants submitted the Second Declaration of Kenneth Rapuano that provides updated information about the Department of Defense's (DoD) use of 10 U.S.C. § 284 & § 8005 of the DoD Appropriations Act for Fiscal Year 2019.  Mr. Rapuano's declaration updates the status of the project identified as Yuma Sector Project 2 and states that the U.S. Army Corps of Engineers has decided not to fund or construct this project under § 284 or § 8005  *See* Second Rapuano Decl. ¶ 4.  Additionally, Mr. Rapuano's second declaration explains that, on May 9, 2019, the Acting Secretary of Defense authorized the funding of four additional CBP-requested projects using § 284. *Id.* ¶ 6.  One project is located in California (El Centro Project 1), and three projects are located in Arizona (Tucson Sector Projects 1, 2, and 3).  *Id.*; *see also* First Rapuano Decl., Ex. A (describing project locations).  To fund these four projects, the Acting Secretary of Defense decided to use DoD's general

transfer authority under § 8005 of the DoD Appropriations Act, 2019 (Pub. L. 115-235), and § 1001 of the John S. McCain National Defense Authorization Act for Fiscal Year 2019 (NDAA) (Pub. L. 115-232), as well as DoD's special transfer authority under § 9002 of the DoD Appropriations Act and § 1512 of the NDAA, to transfer $1.5 billion between DoD appropriations. *See* Second Rapuano Decl. ¶ 7. Specifically, the Acting Secretary of Defense determined that the four projects will be funded through a transfer of $1.5 billion to the counter-narcotics support line of the Drug Interdiction and Counter-Drug Activities, Defense, account. *See id.* On May 9, 2019, the DoD Comptroller initiated the reprogramming to transfer these funds. *See* Third Declaration of Kenneth Rapuano ¶ 4 (May 15, 2019) (attached as Exhibit 2).[1] On May 15, 2019, the Acting Secretary of Homeland Security exercised his authority under § 102(c)(1) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, as Amended, to issue waivers for the four projects. *See* Determinations Pursuant to Section 102 of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, as Amended, 84 Fed. Reg. 21798-21801 (May 15, 2019). The U.S. Army Corps of Engineers expects to award contracts for the four projects by May 16, 2019, and construction will begin no earlier than 45 days after the award of the contracts. *See* Second Rapuano Decl. ¶¶ 10-11.

Mr. Rapuano's declaration also stated that a contract is expected to be awarded by May 16, 2019, for the project identified as Yuma Sector Project 1. *See* Second Rapuano Decl. ¶ 10. A contract had previously been awarded for this project on April 9, 2019, *see* First Rapuano Decl. ¶ 8, but in response to a bid protest filed with the Government Accountability Office (GAO), *see* www.gao.gov/docket/B-417499.1, the U.S. Army Corps of Engineers took corrective action to remedy the alleged procurement mistake and terminated the contract on May 4, 2019. The U.S. Army Corps of Engineers resolicited bids for the contract on May 5, 2019, and a new contract is expected to be awarded by May 16, 2019. *See* Second Rapuano Decl. ¶ 10.

Additionally, the contract that the U.S. Army Corps of Engineers awarded to SLSCO Ltd. of Galveston, Texas ($789 million) on April 9, 2019, *see* First Rapuano Decl. ¶ 8, to perform work in support of El Paso Sector Project 1 is currently the subject of bid protest litigation in the United States

---

[1] Mr. Rapuano's second declaration stated that the reprogramming actions were initiated on May 10, but the reprogramming actions actually occurred on May 9. *See* Third Rapuano Decl. ¶ 4.

Court of Federal Claims. *See Fisher Sand & Gravel v. United States,* No. 19-615C (Fed. Cl.). The court is scheduled to hold a sealed hearing on May 16, 2019, to address the merits of the plaintiff's challenge to the agency's decision to override an automatic stay of contract performance. *See id.* (ECF Nos. 24, 34).

### C.   10 U.S.C. § 2808

On May 6, 2019, the Chairman of the Joints Chiefs of Staff submitted an assessment to the Acting Secretary of Defense addressing whether and how military construction projects could support the use of the armed forces in addressing the national emergency at the southern border. *See* Third Rapuano Decl. ¶ 5. This internal assessment provides the Acting Secretary of Defense with information and recommendations about specific border barrier construction projects identified by the Department of Homeland Security. *Id.* The Chairman's assessment analyzes various factors and is intended to inform the Acting Secretary's determination whether specific barrier construction projects are necessary to support the use of the armed forces and which specific projects to undertake. *Id.* The Acting Secretary of Defense has taken no action on the assessment and has not yet decided to undertake or authorize any barrier construction projects under § 2808. *Id.*

Also on May 6, 2019, the Under Secretary of Defense (Comptroller)/Chief Financial Officer identified existing unawarded military construction projects of sufficient value to provide up to $3.6 billion of funding for potential border barrier construction pursuant to § 2808. *Id.* ¶ 6. The Comptroller reviewed the pool of current unawarded military construction projects with award dates after September 30, 2019. *Id.* As directed by the Acting Secretary of Defense, the Comptroller excluded from consideration military housing, barracks, or dormitory projects, as well as military construction projects that already have been awarded. *Id.* The Acting Secretary of Defense has taken no action on this information and has not yet decided to undertake or authorize any barrier construction projects § § 2808. *Id.*

The Acting Secretary of Defense is not expected to make a decision regarding any projects under § 2808 prior to May 22, 2019. *Id.* ¶ 7. Once a decision is made, the Government will inform the Court.

2.      **DoD Funding For Support to DHS Under 10 U.S.C. § 284(b)(7)**

To date, the Acting Secretary of Defense has authorized $2.5 billion in border barrier construction support under 10 U.S.C. § 284(b)(7).  *Id.* ¶ 3.  The Acting Secretary of Defense does not intend, and is not currently planning, to provide additional border barrier construction support to DHS under § 284(b)(7) during the next six months.  *Id.*

Of this $2.5 billion total, $1,818,465,000 is attributable to transfers of funds to the counter-narcotics support line of the Drug Interdiction and Counter-Drug Activities, Defense, account pursuant to § 8005 of the DoD Appropriations Act and § 1001 of the NDAA.  $1 billion was transferred on March 25, 2018, *see* First Rapuano Decl. ¶ 5, Ex. C & D, and $818,464,000 was transferred on May 9, 2019, *see* Second Rapuano Decl. ¶ 7, Ex. B; Third Rapuano Decl. ¶ 4, Ex. A.[2] The remaining $681,535,000 was transferred to the counter narcotics support line on May 9, 2019 pursuant to DoD's special transfer authority under § 9002 of the DoD Appropriations Act and § 1512 of the NDAA.  *See* Third Rapuano Decl. ¶ 4, Ex. A.  Section 9002 of the DoD Appropriations Act incorporates the requirements of § 8005 by reference and § 1512 of NDAA incorporates the requirements of § 1001 by reference.

At the time of the initial transfer of funds on March 25, 2019, the counter-narcotics support line appropriation had a total of $238,306,000 in unobligated funds.  *See* First Rapuano Decl. ¶ 5, Ex. D at 2.

DATE:  May 15, 2019                                Respectfully submitted,

                                                   JAMES M. BURNHAM
                                                   Deputy Assistant Attorney General

                                                   JOHN G. GRIFFITHS
                                                   Director, Federal Programs Branch

                                                   ANTHONY J. COPPOLINO
                                                   Deputy Director, Federal Programs Branch

---

[2] Exhibit A is an updated and signed version of the transfer notice that was provided to Congress on May 10, 2019.  *See* Third Rapuano Decl.  It replaces Exhibit C to the Second Rapuano Declaration.  *Id.*

1

2          /s/ Andrew I. Warden
           ANDREW I. WARDEN
3          Senior Trial Counsel (IN Bar No. 23840-49)

4          RACHAEL L. WESTMORELAND
           KATHRYN C. DAVIS
5          MICHAEL J. GERARDI
           LESLIE COOPER VIGEN
6          Trial Attorneys
           U.S. Department of Justice
7          Civil Division, Federal Programs Branch
           1100 L Street, NW
8          Washington, D.C. 20530
           Tel.:    (202) 616-5084
9          Fax:     (202) 616-8470

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28