UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIERRA CLUB, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>DONALD J. TRUMP, et al.,<br><br>　　　　Defendants. | Case No. 19-cv-00892-HSG<br><br>**ORDER DENYING MOTION TO STAY PRELIMINARY INJUNCTION**<br><br>Re: Dkt. Nos. 146, 147 |

Pending before the Court is Defendants' Motion to Stay Preliminary Injunction Pending Appeal. *See* Dkt. No. 146 ("Mot."). Defendants seek a stay of the Court's May 24, 2019 preliminary injunction order pending the outcome of their recently filed appeal to the United States Court of Appeals for the Ninth Circuit. *See* Dkt. No. 144 ("Order"). The Order enjoined Defendants from "taking any action to construct a border barrier in the areas Defendants have identified as Yuma Sector Project 1 and El Paso Sector Project 1 using funds reprogrammed by DoD under Section 8005 of the Department of Defense Appropriations Act, 2019." *Id.* at 55.[1]

"A stay is not a matter of right, even if irreparable injury might otherwise result." *Nken v. Holder*, 556 U.S. 418, 433 (2009) (internal quotation marks omitted). Instead, it is "an exercise of judicial discretion," and "the propriety of its issue is dependent upon the circumstances of the particular case." *Id.* (internal quotation and alteration marks omitted). The party seeking a stay bears the burden of justifying the exercise of that discretion. *Id.* at 433–34.

---

[1] Reasonably, Defendants "request that the Court rule on this motion expeditiously," without a response from Plaintiffs, and without oral argument, so that Defendants may promptly seek relief in the Ninth Circuit if the Court denies the motion to stay. Mot. at 1. The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b). The Court further finds that no response from Plaintiffs is necessary.

Whether to grant a stay pending appeal involves a similar inquiry as whether to issue a preliminary injunction. *Tribal Vill. of Akutan v. Hodel*, 859 F.2d 662, 663 (9th Cir. 1988). Courts consider four familiar factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken*, 556 U.S. at 434 (noting overlap with *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7 (2008)). The first two factors "are the most critical." *Id.*

The Court will not stay its preliminary injunction order pending Defendants' appeal. The Court does not find that Defendants are likely to prevail on the merits of their appeal. In granting the preliminary injunction, the Court rejected all of the arguments Defendants now advance regarding their intended use of funds reprogrammed by DoD under Section 8005, and found that Plaintiffs, not Defendants, were likely to succeed on the merits of their respective arguments. The Court incorporates that reasoning here. Moreover, Defendants' request to proceed immediately with the enjoined construction would not preserve the status quo pending resolution of the merits of Plaintiffs' claims, and would instead effectively moot those claims. Finally, the Court continues to see no reason that the merits of this case cannot be resolved expeditiously, enabling the parties to litigate a final judgment on appeal, rather than a preliminary injunction.

For these reasons, the Court **DENIES** Defendants' Motion to Stay.[2] Defendants' Motion to Shorten Time is **TERMINATED AS MOOT**. *See* Dkt. No. 147.

**IT IS SO ORDERED.**

Dated: 5/30/2019

HAYWOOD S. GILLIAM, JR.
United States District Judge

---

[2] Because the Court finds that Defendants have not met their burden to make a strong showing that they are likely to succeed on the merits of their appeal, the Court need not further address the other *Nken* factors.

2