JAMES M. BURNHAM
Deputy Assistant Attorney General
JOHN R. GRIFFITHS
Director, Federal Programs Branch
ANTHONY J. COPPOLINO
Deputy Director, Federal Programs Branch
ANDREW I. WARDEN (IN #23840-49)
Senior Trial Counsel
KATHRYN C. DAVIS
MICHAEL J. GERARDI
LESLIE COOPER VIGEN
RACHAEL WESTMORELAND
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, D.C. 20530
Tel.:   (202) 616-5084
Fax:   (202) 616-8470
*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| STATE OF CALIFORNIA, *et al.*,<br><br>        Plaintiffs,<br><br>    v.<br><br>DONALD J. TRUMP, *et al.*,<br><br>        Defendants. | No. 4:19-cv-00872-HSG<br>No. 4:19-cv-00892-HSG<br><br>**JOINT CASE MANAGEMENT STATEMENT** |
| SIERRA CLUB, *et al.*,<br><br>        Plaintiffs,<br><br>    v.<br><br>DONALD J. TRUMP, *et al.*,<br><br>        Defendants. | |

*State of California, et al. v. Donald J. Trump, et al.*, 4:19-cv-00872-HSG – Joint Case Management Statement
*Sierra Club et. al. v. Donald J. Trump, et al.*, 4:19-cv-00892-HSG – Joint Case Management Statement

Pursuant to Civil L.R. 16-9, Sierra Club and Southern Border Communities Coalition (collectively "Organizational Plaintiffs"), the coalition of states (collectively "Plaintiff States"), and Defendants in the above-captioned cases hereby submit the following joint initial Case Management Statement:

1. **Jurisdiction and Service**:

   Plaintiffs:  All named Defendants have been served and the Court has personal and subject matter jurisdiction over Defendants.

   Defendants:  The Court lacks subject matter jurisdiction over certain claims raised in these cases because the claims are nonjusticiable or Plaintiffs do not have standing to sue.

2. **Facts**: On February 14, 2019, Congress passed the Consolidated Appropriations Act of 2019 ("CAA"). On February 15, 2019, the President signed the CAA into law and also issued a proclamation "declar[ing] that a national emergency exists at the southern border of the United States." Proclamation No. 9844, 84 Fed. Reg. 4,949 (Feb. 15, 2019). Also on February 15, the White House identified three non-CAA sources of funding it intended to use to construct a border barrier: (1) About $601 million from the Treasury Forfeiture Fund (31 U.S.C. § 9705); (2) Up to $2.5 billion of DoD funds transferred for Support for Counterdrug Activities (10 U.S.C. § 284); and (3) Up to $3.6 billion reallocated from Department of Defense military construction projects pursuant to 10 U.S.C. § 2808.

   Defendants caused $242 million from the Treasury Forfeiture Fund to be made available for construction of border barriers on March 14, 2019. On March 25, 2019, Defendant Shanahan ordered the transfer of $1 billion of DOD funds through Section 8005 of DOD Appropriations Act, 2019, for use under 10 U.S.C. § 284 in constructing barriers in the El Paso and Yuma Sectors on New Mexico and Arizona's southern borders, respectively. On May 9, 2019, Defendant Shanahan authorized an additional $1.5 billion in funding under Section 284 to construct barriers in Arizona and California, in the El Centro and Tucson Sectors. To fund these projects, Defendant Shanahan again invoked Section 8005, as well as Section 9002 of the DOD Appropriations Act, 2019, and section 1512 of the John S. McCain National Defense Authorization Act for Fiscal Year 2019.

3. **Legal Issues**: This case presents the question of whether the proposed plan for funding border barrier construction exceeds Defendants' lawful authority under the Constitution and a number of statutes duly enacted by Congress. Specifically, this case raises legal questions concerning the legality and constitutionality of: (i) Defendants' augmentation of DOD's Drug Interdiction and Counter-Drug activities account by $2.5 billion through Section 8005 of the Department of Defense Appropriations Act 2019, Section 9002 of the Department of Defense Appropriations Act, 2019, and Section 1512 of the John S. McCain National Defense Authorization Act for Fiscal Year 2019, and planned use of said funds under 10 U.S.C. § 284; (ii) Defendants' reallocation of up to $3.6 billion from Department of Defense military construction projects under the President's declaration of a national emergency, pursuant to 10 U.S.C. § 2808; and (iii) Defendants' allocation of about $601 million from the Treasury Forfeiture Fund for border barrier construction. In addition, this case raises questions concerning Defendants' compliance with the requirements of the National Environmental Policy Act ("NEPA"), Pub. L. No. 91-190, 83 Stat. 852 (1970) (codified as amended at 42 U.S.C. §§ 4321–4370b).

4. **Motions**:

Prior Motions:
- Organizational Plaintiffs' Motion for Preliminary Injunction, 19-cv-00892-HSG, ECF No. 29, *granted in part and denied in part*, ECF No. 144
- Plaintiff States' Motion for Preliminary Injunction, 19-cv-00872-HSG, ECF No. 59, *denied*, ECF No. 165
- Defendants' Motion to Stay Preliminary Injunction, 19-cv-00892-HSG, ECF No. 146, *denied*, ECF No. 152

Pending Motions:
- Organizational Plaintiffs' Motion for Supplemental Preliminary Injunction, 19-cv-00892-HSG, ECF No. 150
- California's Motion for Preliminary Injunction, 19-cv-00892-HSG, ECF No. 167

Anticipated Motions:
- The parties anticipate litigating motions for preliminary injunction following the Acting Secretary of Defense's decision to approve specific military construction pursuant to 10 U.S.C. § 2808.

- In the event the Court grants the Plaintiffs' pending motions for preliminary injunction, Defendants anticipate appealing those orders and moving to stay any injunction pending appeal.

The parties believe that these cases involve legal issues that should be resolved through early briefing on motions and cross-motions for summary judgment.

**Organizational Plaintiffs' and Defendants' position:** Organizational Plaintiffs and Defendants' propose the following schedule, which is bifurcated to account for (1) the extensive briefing that has already taken place on Defendants' proposed use of Section 284 authority to construct sections of the wall, and (2) Defendants' pending appeal of the Court's May 24, 2019 Order Granting in Part and Denying in Part Plaintiffs' Motion for Preliminary Injunction, Dkt. No. 144, and the representations made in Defendants' Motion to Stay Preliminary Injunction, Dkt. No. 146. Organizational Plaintiffs and Defendants believe an expedited resolution of Defendants' claimed authority under Section 284 will serve the interests of judicial economy and fairness by allowing for an expeditious appeal of a final order regarding these wall sections, rather than piecemeal appeals and stay requests with respect to preliminary rulings.  A bifurcated approach will also allow time for full briefing and argument on the remaining funds.

As to the proposed use of Section 284 funds, Organizational Plaintiffs propose the following schedule:

- Organizational Plaintiffs' motion for Partial Summary Judgment/Permanent Injunction due June 12, 2019;

- Defendants' Opposition to Plaintiffs' Motion due June 19, 2019;

- Organizational Plaintiffs' Reply in Support of Motion due June 24, 2019;

- Organizational Plaintiffs and Defendants respectfully submit that the Motion may be resolved without a hearing, as the May 17, 2019 hearing addressed the legal issues raised with respect to the proposed use of Section 284 funds.

As to the remaining issues, Organizational Plaintiffs and Defendants propose the following:

- Organizational Plaintiffs' Motion for Summary Judgment due July 11, 2019;

*State of California, et al. v. Donald J. Trump, et al.*, 4:19-cv-00872-HSG – Joint Case Management Statement
*Sierra Club et. al. v. Donald J. Trump, et al.*, 4:19-cv-00892-HSG – Joint Case Management Statement

3

- Defendants' Opposition to Plaintiffs' Motion for Summary Judgment and Cross-Motion for Summary Judgment due July 25, 2019;

- Organizational Plaintiffs' Opposition to Defendants' Cross-Motion for Summary Judgment and Reply in Support of Organizational Plaintiffs' Cross-Motion for Summary Judgment due August 8, 2019;

- Defendants' Reply in Support of Cross-Motion for Summary Judgment due August 15, 2019;

- Hearing on Plaintiffs' Motion for Summary Judgment and Defendants' Cross Motion for Summary judgment on August 29, 2019.

**Plaintiff States' Position:**

Plaintiff States agree with an expedited briefing schedule and agree with the proposal to start motion for summary judgment briefing on July 11, 2019 with a hearing for August 29, 2019. However, Plaintiff States' disagree with the bifurcated approach proposed by the Organizational Plaintiffs and Defendants, and believe that in the interests of judicial economy and efficiency, all issues should be addressed in one set of dispositive briefings. Further, Organizational Plaintiffs and Defendants' proposal means that briefing will begin on the motion for summary judgment before the Court rules on the pending motions for preliminary injunction on the same issues. Plaintiff States believe it is more appropriate to brief section 284 and 8005 on motions for summary judgment after the benefit of the Court's decision and reasoning on the pending motions for preliminary injunction. However, if the Court agrees with the schedule proposed by Organizational Plaintiffs and Defendants, Plaintiff States request that the States' case and the Organizational Plaintiffs' case be handled on the same schedule.

**5.    Amendment of Pleadings**: The parties do not currently anticipate adding or dismissing any parties, claims, or defenses.

**6.    Evidence Preservation:** The parties certify that they have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines") and acknowledge their duty to preserve relevant materials in accordance with applicable rules and case law.

**7.    Disclosures**: The parties agree to waive initial disclosures. Defendants agree that they will file the final Administrative Record with respect to the Section 284 projects on or before

June 7.  Defendants will file the Administrative Record with respect to the use of Treasury Forfeiture Fund and Section 2808 on or before July 1.  In the event the Acting Secretary of Defense has not made a decision regarding the use of Section 2808 before July 1, Defendants will file the Administrative Record 10 days after any such decision.

8. **Discovery**:  No discovery has been taken to date.  Prior to the briefing on the motion for summary judgment described in Section 4 above, Plaintiff States intend to propound discovery regarding the Treasury Forfeiture Fund, including a Rule 30(b)(6) deposition and limited written discovery.  Plaintiff States also reserve their right to seek discovery on the projects affected by the 10 U.S.C. § 2808 funding diversion once the Acting Secretary of Defense makes a determination on those projects.  Organizational Plaintiffs and Defendants do not intend to seek discovery.   Defendants reserve the right to oppose Plaintiff States' discovery requests on any and all grounds, as appropriate.

9. **Class Actions**: Not applicable.

10. **Related Cases**: The following pending cases raise the same or similar issues as the above-captioned cases:

- *Center for Biological Diversity v. Trump,* No. 19-CV-408 (D.D.C.)
- *Rio Grande International Study Center v. Trump*, No. 19-CV-720 (D.D.C.)
- *U.S. House of Representatives v. Mnuchin,* No. 19-CV-969 (D.D.C.)
- *El Paso County v. Trump,* No. 19-CV-66 (W.D. Tex.)

11. **Relief**:

**Organizational Plaintiffs' Position:** Organizational Plaintiffs request that the Court:
(A) Declare the President's direction that Defendants Shanahan, McAleenan, and Mnuchin reallocate funds to support construction of a border wall under 10 U.S.C. §§ 2808 and 284, Section 8005 of the 2019 Department of Defense Appropriations Act, P.L. No. 115-245, and 31 U.S.C. § 9705 to be *ultra vires*, in excess of presidential authority under Article II of the Constitution, an infringement on legislative authority, a violation of the Presentment Clause, and invalid;

(B) Enjoin Defendants Shanahan, McAleenan, and Mnuchin from taking action to build a border wall using funds or resources from the Defense Department or Treasury Asset Forfeiture Fund, or on any basis that depends on the President's unlawful emergency declaration;

(C) Declare that Defendants Shanahan, McAleenan, and Nielsen have violated NEPA and its implementing regulations with respect to the border wall project by, inter alia, failing to conduct any NEPA analysis, failing to provide any opportunity for public participation, and failing to take a "hard look" at the potential environmental impacts of the border wall project;

(D) Enjoin Defendants Shanahan, McAleenan, and Mnuchin from implementing the border wall project until and unless Defendants comply with NEPA, the Endangered Species Act, and the implementing regulations for those laws;

(E) Award Plaintiffs their reasonable costs of litigation;

(F) Grant such other and further relief as the Court may deem just and proper.

**Plaintiff States' Position:** Plaintiff States request that the Court:

(A) Issue a judicial declaration that Defendants' actions seeking to divert federal funds under 10 U.S.C. §§ 2808 and 284, Sections 8005 and 9002 of the 2019 Department of Defense Appropriations Act, P.L. No. 115-245, and 31 U.S.C. § 9705 for construction of a border wall are unconstitutional and/or unlawful because the diversions: (i) violate the separation of powers doctrine, including the Presentment Clause; (ii) violate the Appropriations Clause; (iii) exceed congressional authority conferred to the Executive Branch and is ultra vires; and (iv) violates the Administrative Procedure Act;

(B) Permanently enjoin Defendants from diverting or obligating any funding or resources through the above-identified statutory provisions for construction of a border wall;

(C) Issue a judicial declaration that Defendants violated NEPA in failing to conduct an environmental review prior to their proposed construction of a border barrier in California and New Mexico;

(D) Permanently enjoin Defendants from constructing a border barrier until Defendants comply with NEPA; and

(E) Grant such other relief as the Court may deem just and proper.

**Defendants' Position:**  Plaintiffs' requested relief should be denied and judgment should be entered in favor of Defendants.

**12.**   **Settlement and ADR**:  The parties agree this case is unlikely to be resolved through settlement or ADR.

**13.**   **Consent to Magistrate Judge for All Purposes**:  The parties do not consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment. The case has been assigned to an Article III Judge.

**14.**   **Other References:**  The parties do not believe that this action is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15.**   **Narrowing of Issues**:  The parties have not reached an agreement on narrowing the issues. The parties will continue to meet and confer in an attempt to narrow the issues to be decided.

**16.**   **Expedited Trial Procedure/Expedited Schedule**:  The parties do not believe that this is the type of case that should be handled under the Expedited Trial Procedure of General Order No. 64 Attachment A.

**17.**   **Scheduling**:  The parties believe that the action can be resolved through expedited dispositive motions as proposed by the parties in section 4 above. If the issues in this case are not resolved by the parties' motions and cross-motions, the parties agree to meet and confer within fourteen days of the court's ruling on these dispositive motions.

**18.**   **Trial**:  The parties take the position that no trial will be necessary because this case presents issues that can be resolved by dispositive motion.

**19.**   **Disclosure of Non-Party Interested Entities or Persons**: Organizational Plaintiffs have filed their Certification of Interested Entities or Persons pursuant to Civil L.R. 3-15, certifying that other than the named parties, there is no such interest to report. The remaining parties are government entities and officials; therefore Local Rule 3-15 does not apply.

**20.**   **Professional Conduct:**  All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**21.    Other Matters:**

*Plaintiff States:* Plaintiff States request that Defendants provide sufficient notice of 10 calendar days prior to obligating funds diverted through 10 U.S.C. § 2808 so the States have the opportunity to seek relief from this Court to protect the States' interest in those funds, as necessary.  Defendants oppose this request.

DATE: May 31, 2019                                         Respectfully submitted,

JAMES M. BURNHAM
Deputy Assistant Attorney General

JOHN R. GRIFFITHS
Director, Federal Programs Branch

ANTHONY J. COPPOLINO
Deputy Director, Federal Programs Branch

/s/ *Andrew I. Warden*
ANDREW I. WARDEN (IN #23840-49)
Senior Trial Counsel

KATHRYN C. DAVIS
MICHAEL J. GERARDI
LESLIE COOPER VIGEN
RACHAEL WESTMORELAND
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, D.C. 20530
Tel.:    (202) 616-5084
Fax:    (202) 616-8470
*Attorneys for Defendants*

|   |   |
|---|---|
| 1 | |
| 2 | /s/ *Dror Ladin*<br>Dror Ladin |
| 3 | Noor Zafar<br>Jonathan Hafetz |
| 4 | Hina Shamsi<br>Omar C. Jadwat |
| 5 | American Civil Liberties Union Foundation |
| 6 | 125 Broad Street, 18th Floor<br>New York, NY 10004 |
| 7 | Tel.: (212) 549-2660 |
| 8 | Fax: (212) 549-2564<br>dladin@aclu.org |
| 9 | nzafar@aclu.org<br>jhafetz@aclu.org |
| 10 | hshamsi@aclu.org |
| 11 | ojadwat@aclu.org |
| 12 | *Attorneys for Plaintiffs in 4:19-cv-892-HSG* |
| 13 | XAVIER BECERRA |
| 14 | Attorney General of California<br>ROBERT W. BYRNE |
| 15 | SALLY MAGNANI<br>MICHAEL L. NEWMAN |
| 16 | Senior Assistant Attorneys General |
| 17 | MICHAEL P. CAYABAN<br>CHRISTINE CHUANG |
| 18 | EDWARD H. OCHOA<br>Supervising Deputy Attorneys General |
| 19 | HEATHER C. LESLIE |
| 20 | JANELLE M. SMITH<br>JAMES F. ZAHRADKA II |
| 21 | |
| 22 | /s/ *Lee I. Sherman*<br>LEE I. SHERMAN |
| 23 | Deputy Attorneys General<br>300 S. Spring St., Suite 1702 |
| 24 | Los Angeles, CA 90013 |
| 25 | Telephone: (213) 269-6404<br>Fax: (213) 897-7605 |
| 26 | E-mail: Lee.Sherman@doj.ca.gov |
| 27 | *Attorneys for Plaintiffs 4:19-cv-872-HSG* |
| 28 | |

*State of California, et al. v. Donald J. Trump, et al.*, 4:19-cv-00872-HSG – Joint Case Management Statement
*Sierra Club et. al. v. Donald J. Trump, et al.*, 4:19-cv-00892-HSG – Joint Case Management Statement