ARNOLD & PORTER KAYE SCHOLER LLP

Irvin B. Nathan
Robert N. Weiner
Andrew T. Tutt
Kaitlin Konkel
Samuel F. Callahan
601 Massachusetts Ave, NW
Washington, DC 20001
(202) 942-5000
irv.nathan@arnoldporter.com

Douglas A. Winthrop
10th Floor
Three Embarcadero Center
San Francisco, CA 94111
(415) 471-3100
douglas.winthrop@arnoldporter.com

*Counsel for Amici Curiae Former Members of Congress*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO-OAKLAND DIVISION**

| | |
|---|---|
| SIERRA CLUB, *et al.*,<br><br>        Plaintiffs,<br><br>   v.<br><br>DONALD J. TRUMP, President of the United States, in his official capacity, *et al.*,<br><br>        Defendants. | Case No. 4:19-cv-00892-HSG<br><br>**CONSENT MOTION FOR LEAVE TO FILE BRIEF OF FORMER MEMBERS OF CONGRESS AS *AMICI CURIAE* IN SUPPORT OF PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT** |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Amici curiae are a bipartisan group of more than 100 former Members of the House of Representatives, both Republicans and Democrats. They respectfully move for leave to file the attached brief in the above-captioned matter. Plaintiffs and defendants consent to *amici*'s motion. A copy of the proposed brief and a proposed order are attached. A full listing of *amici* appears in Appendix A of the proposed brief.

## STATEMENT OF INTEREST

*Amici*'s motion should be granted because, as former members of Congress and as citizens of our Nation, they have a strong interest in preventing Executive Branch overreach from degrading Congress's unique and important role in America's tripartite system of separated powers. *Amici* have served an aggregate of approximately 1,500 years in Congress, hail from 36 States, and include 21 former Members from the states of the Ninth Circuit. *Amici* disagree on many issues of policy and politics. Some *amici* believe that a wall along the Southern Border is in the national interest. Others do not. But all *amici* agree that the Executive Branch is undermining the separation of powers by proposing to spend tax dollars to build a border wall that Congress repeatedly and emphatically refused to fund. Rarely in our Nation's history has the Executive Branch launched such an assault on Congress's exclusive legislative powers. In the statement quoted above and many others like it, the President's essential rationalization for unilateral Executive Branch action is that Congress has refused to authorize his requested appropriation. This subversion of Article I has caused, and continues to cause, grave harm to the House as an institution. If this Court refuses to address the merits or supports the Administration's usurpation of congressional authority, the unchecked expansion of the Executive's power at the expense of the Legislative Branch will threaten our democracy. Each of the *amici* swore an oath to protect the Constitution; each has seen firsthand how the separation of powers safeguards the rights of the American people; and each firmly believes that defending Congress's power of the purse is essential to preserving democracy's promise that Americans' hard-earned tax dollars are spent in accordance with the will of the people.

## ARGUMENT

This Court may in its discretion allow the participation of amicus curiae, and does not impose "strict prerequisites that must be established prior to qualifying for amicus status." *In re Dynamic Random Access Memory Antitrust Litig.*, No. M-02-1486-PJH, 2007 WL 2022026, at *1 (N.D. Cal. July 9, 2007). Rather, "an individual or entity seeking to appear as amicus must merely make a showing that his/its participation is useful to or otherwise desirable to the court." *Id.*

This Court previously granted *amici*'s motion to participate at the preliminary injunction phase of this case. At this stage of the litigation, the Court would again benefit from briefing by former members of Congress because this suit concerns a subject on which they have unique perspective and a wealth of practical experience: the separation of powers. Some of the *amici* have served in leadership positions in their respective party caucuses, including as Majority Leader; several have served on the Appropriations, Budget and Intelligence Committees of the House; and some have gone on to serve in the Senate or in the Executive Branch. Two *amici* have served as U.S. Secretaries of the Defense Department (one Democrat and one Republican) and are particularly well versed in the laws and practices surrounding the Defense Department budget. One has served as the head of the Office of Management and Budget and went on to serve as Chief of Staff to the President. All of the *amici* are uniquely positioned to offer their perspective because they are former members of the Legislative Branch intimately familiar with the appropriations process, which is at the heart of this case.

## CONCLUSION

For the foregoing reasons, *amici*'s motion for leave to file the attached brief should be granted.

Dated:  October 18, 2019

ARNOLD & PORTER KAYE SCHOLER LLP

By:  /s/ Douglas A. Winthrop
Irvin B. Nathan
Robert N. Weiner
Andrew T. Tutt
Kaitlin Konkel
Samuel F. Callahan
601 Massachusetts Ave. NW
Washington, DC 20001
(202) 942-5000
irv.nathan@arnoldporter.com
robert.weiner@arnoldporter.com
andrew.tutt@arnoldporter.com
kaitlin.konkel@arnoldporter.com
sam.callahan@arnoldporter.com

Douglas A. Winthrop
10th Floor
Three Embarcadero Center
San Francisco, CA 94111
(415) 471-3100
douglas.winthrop@arnoldporter.com

*Counsel for Amici Curiae*

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on the date of electronic filing.

/s/ Douglas A. Winthrop
Douglas A. Winthrop
10th Floor
Three Embarcadero Center
San Francisco, CA 94111
(415) 471-3100
douglas.winthrop@arnoldporter.com