UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIERRA CLUB, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>DONALD J. TRUMP, et al.,[1]<br><br>    Defendants. | Case No. 19-cv-00892-HSG<br><br>**ORDER REGARDING MOTION TO ENFORCE SETTLEMENT AND FOR EMERGENCY RELIEF**<br><br>Re: Dkt. No. 376 |
| SIERRA CLUB, et al.,<br><br>    *Plaintiffs,*<br><br>*v.*<br><br>DONALD J. TRUMP, et al.,<br><br>    Defendants. | Case No. 20-cv-01494-HSG<br><br>Re: Dkt. No. 99 |

Plaintiffs Sierra Club and Southern Border Community Coalition have filed a motion to enforce the parties' settlement and for emergency relief in these related cases.[2] The hearing on these motions is currently set for Thursday, September 18, 2025. In short, Plaintiffs Sierra Club and Southern Border Community Coalition contend that Defendants have breached the parties' settlement agreement. As Plaintiffs acknowledge, "many of the Settlement Agreement's terms requiring Defendants to spend money do not specify a funding source . . . ." *See Sierra Club v.*

---

[1] Under Federal Rule of Civil Procedure 25(d), any official-capacity parties are automatically substituted with their successors.

[2] The Court notes that although these motions are only brought by Plaintiffs Sierra Club and Southern Border Community Coalition, they filed the same motion in *State of California v. Trump*, Case No. 19-cv-00872-HSG and Case No. 20-cv-01563-HSG. The Court assumes these filings were in error. Sierra Club and Southern Border Community Coalition are not parties in those related cases. During the upcoming hearing, Plaintiffs should be prepared to discuss why the motions in the *State of California* cases should not be terminated as moot.

*Trump*, Case No. 19-cv-00892-HSG, Dkt. No. 376 at 4.  However, Plaintiffs contend that Defendants agreed that some specific provisions of the settlement agreement would be funded "exclusively from DHS's fiscal year 2020 or 2021 barrier system appropriations." *Id.*  Plaintiffs identify a few of these provisions, *id.*, but it is not clear if this is an exhaustive list.  Their request for emergency relief, however, is based on the fact that the remaining Fiscal Year 2020–21 funds expire on September 30, 2025, and that the government has stated that it intends to spend down these funds before then.  *See id.* at 3, 8–9, 12.

To facilitate the Court's discussion with the parties and the subsequent order, the Court **DIRECTS** Plaintiffs Sierra Club and Southern Border Community Coalition to submit a supplemental filing—separate from and in addition to their reply brief—detailing in chart form the specific paragraph and page numbers of the settlement agreement in which Plaintiffs contend that Defendants agreed to take action using Fiscal Year 2020 or 2021 funds.  To the extent Plaintiffs contend that Defendants agreed to take action using funding sources other than the Fiscal Year 2020 or 2021 funds, Plaintiffs shall similarly identify in chart form the specific paragraph and page numbers of the settlement agreement of those provisions.  Plaintiffs must not include any argument, legal or factual, in the charts.  Plaintiffs shall file this supplemental filing by noon on September 17, 2025.

**IT IS SO ORDERED.**

Dated: 9/16/2025

HAYWOOD S. GILLIAM, JR.
United States District Judge