| | |
|---|---|
| Cecillia D. Wang (SBN 187782)<br>AMERICAN CIVIL LIBERTIES UNION FOUNDATION<br>425 California Street, Suite 700<br>San Francisco, CA 94104<br>Tel: (415) 343-0770<br>*cwang@aclu.org*<br><br>David A. Donatti*<br>ACLU OF TEXAS<br>P.O. Box 8306<br>Houston, TX 77288<br>Tel: (713) 942-8146<br>*ddonatti@aclutx.org*<br><br>Gloria D. Smith (SBN 200824)**<br>SIERRA CLUB ENVIRONMENTAL LAW PROGRAM<br>2102 Webster Street, Suite 1300<br>Oakland, CA 94612<br>Tel: (415) 977-5532<br>*gloria.smith@sierraclub.org*<br><br>*Admitted Pro Hac Vice<br>**Attorney for Plaintiff Sierra Club only<br><br>*Attorneys for Plaintiffs (*Additional counsel listed on following page*)* | BRETT A. SHUMATE<br>Assistant Attorney General<br>ANDREW I. WARDEN<br>Assistant Director, Federal Programs Branch<br>SAM BEAN (MD)<br>Trial Counsel<br>U.S. Department of Justice<br>Civil Division, Federal Programs Branch<br>1100 L Street, NW<br>Washington, D.C. 20530<br>Tel.:  (202) 616-5084<br>Fax:  (202) 616-8470<br><br>*Attorneys for Defendants* |

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| SIERRA CLUB, *et al.*,<br>    Plaintiffs,<br>  *v.*<br>DONALD J. TRUMP, *et al.*,<br>    Defendants. | No. 19-cv-892-HSG<br>No. 20-cv-1494-HSG<br><br>**JOINT CASE MANAGEMENT STATEMENT** |

JOINT CASE MANAGEMENT STATEMENT
Case Nos. 19-cv-00892-HSG; 20-cv-01494-HSG

Additional counsel for Plaintiffs:

Jeffrey S. Stein*
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
Tel: (646) 905-8904
*jstein@aclu.org*
*Admitted Pro Hac Vice

The parties to the above-entitled action jointly submit this JOINT CASE MANAGEMENT STATEMENT pursuant to this Court's September 26, 2025, Order and the Standing Order for All Judges of the Northern District of California and Civil Local Rule 16-9.

***Defendants' Position:*** Defendants' do not believe the Court's order required the submission to take this form because this litigation is more than five years old and the parties previously submitted a joint case management statement at the beginning of this case with the information required below. *See* Joint Case Management Statement (ECF No. 154). The joint case management statement format is intended to educate the Court at the beginning of litigation, not summarize the status of a case that has been dismissed with prejudice. What the Court and Defendants need to know is whether Plaintiffs intend to file a new motion with the Court regarding Defendants' compliance with the Settlement Agreement. That is the only activity allowed under the Settlement that involves the Court. Until any motion is filed, the litigation is dismissed with prejudice and there is nothing pending before the Court.

I. **Jurisdiction & Service.**

***Plaintiffs' Position***: Plaintiffs invoked this Court's jurisdiction under 28 U.S.C. §§ 1331, 1361, 1651, and 2201. Defendants entered appearances, and this matter was litigated until 2023, when it was dismissed due to the Settlement Agreement signed by all parties. ECF No. 275, 4:19-cv-892-HSG. This Court retained jurisdiction over these cases for the purpose of enforcement of the parties' Settlement Agreement, which it incorporated into its order. *Id.*; *see also, e.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381-82 (1994). It retains jurisdiction until July 2027, at which point such jurisdiction may be extended by motion. *Id.*

***Defendants' Position:*** Defendants agree that the Court retains jurisdiction until July 2027, but it only retains jurisdiction to the extent provided for in the Settlement Agreement. *See K.C. ex rel. Erica C. v. Torlakson*, 762 F.3d 963, 967-68 (9th Cir. 2014) (rejecting ancillary jurisdiction to enforce a Settlement Agreement because the motion was not filed pursuant to the terms of the Settlement and fell outside the temporal scope of the extension of jurisdiction); *see also Jeff D. v. Andrus*, 899 F.2d 753, 759 (9th Cir. 1989) ("The construction and enforcement of Settlement Agreements are governed by principles of local law which apply to interpretation of contracts generally.") The Settlement Agreement provides

that the sole and exclusive remedy for breach is to file a Rule 60(b)(6) motion to vacate dismissal of the lawsuits. Settlement ¶ 73. Thus, the Court only has jurisdiction over a Rule 60(b)(6) motion.

## II. Facts.

Following the Settlement Agreement, the U.S. District Court for the Southern District of Texas issued a preliminary injunction, which was later followed by a joint motion for a permanent injunction, restricting the use of certain barrier system construction funds. The injunction, the parties' meetings, Plaintiffs' notices of breach, and Plaintiffs' subsequent efforts to intervene in and vacate the injunction are detailed in Plaintiffs' Motion to Enforce Settlement and For Emergency Relief, ECF No. 376, and Defendants' Response, ECF No. 382. This Court denied Plaintiffs' motion and ordered this JCMS on September 26, 2025. ECF. No. 390.

***Plaintiffs' Position***: Although mixed questions of law and fact, Plaintiffs dispute whether and to what extent the Texas injunction impacted the funds available to fulfill the Settlement Agreement; whether the Defendants took "all reasonable steps" to ensure funding availability, and whether funds are currently available to fulfill the Settlement Agreement.

## III. Legal Issues.

The parties partially dispute whether Defendants breached the Settlement Agreement and, if so, what remedies are available and appropriate. Specifically, the parties dispute:

- Whether all Settlement Agreement projects must be funded exclusively by FY 21 barrier system funds.
- Whether FY 21 funds were and are available for these projects.
- If such funds were and are unavailable, whether the defendants breached the Settlement Agreement notwithstanding a separate court's injunction against using FY 21 funds towards "mitigation and remediation efforts."
- Whether other funds are available for Settlement Agreement commitments.
- What remedies are available and appropriate to remedy the breach caused by the defendants' construction of a border wall in an area protected by the Settlement Agreement.

- What remedies are available on a motion pursuant to Federal Rule of Civil Procedure 60, and following such a motion, what remedies, if any, are available to enforce the Settlement Agreement.

*Plaintiffs' Position*: Plaintiffs acknowledge that several Settlement Agreement commitments are expressly contingent on the availability of DHS's FY 20 or FY 21 barrier system appropriations. When the parties executed the Settlement Agreement, the Defendants represented that such funds were available and that they would take "all reasonable steps" to ensure these funds remain available. After a nationwide preliminary injunction in unrelated litigation, the Defendants took the position that their obligations under the Settlement Agreement were excused. The Defendants subsequently moved to make that injunction permanent. Plaintiffs dispute that the injunction rendered FY 21 barrier system appropriations unavailable to fulfill the terms of the Settlement Agreement. Further, not all Settlement Agreements provisions identify or require the availability of FY 21 barrier system appropriations. Critical Settlement Agreement projects, including the installation of both large and small wildlife passages, are silent regarding funding availability. The principal provision of the Settlement Agreement regarding funding availability does not specify a particular funding source and contemplates that additional funding sources may become available.

Plaintiffs further argue that, whether or not the injunction impacted the "availability" of certain barrier system funds, the Defendants failed to take "all reasonable steps" to ensure these funds remained available.

Plaintiffs also argue that the Defendants breached the Settlement Agreement by constructing in an area off-limits for new construction under the terms of the Settlement Agreement.

Finally, Plaintiffs maintain that funding is both legally and factually available for Settlement Agreement projects and to cure any breach. Given the parties' recognition that Phase 2 remediation work is "needed to address life and safety, including the protection of . . . Border Patrol agents," SA at 5, new appropriations for "necessary expenses relating to . . . [a]ny work necessary to prepare the ground at or near the border to allow U.S. Customs and Border Protection to conduct its operations" are available for Phase 2 remediation projects, *see* One Big Beautiful Bill Act ("OBBA"), Pub. L. No.

119-21, Div. F, Title IX, § 90001(4), 139 Stat. 72, 357-58 (2025). These appropriations are also available for "necessary expenses relating to . . . improvement of new or replacement primary, waterborne, and secondary barriers," and "[b]arrier system attributes, including cameras, lights, sensors, and other detection technology." *See* OBBA §§ 90001(1), (3). Thus, these funds are likewise available to fund unfulfilled Settlement Agreement obligations, including a border barrier lighting study, SA ¶ 16, and Phase 3 environmental mitigation projects, SA ¶¶ 48, 53–54, in light of Defendants' recognition that "DHS/CBP treats . . . environmental expenses as a 'necessary expense' of [border barrier] appropriation[s]," *see* June 13, 2025 Letter from Andrew I. Warden to David A. Donatti.

*Defendants' Position*: Until Plaintiffs file a motion, there is no legal dispute. That being said, Defendants have repeatedly asserted that they are not in breach of the Settlement for failing to spend enjoined funds on Settlement activity. Furthermore, all FY 20 and FY 21 funds have lapsed. Defendants admit that, as a result of a mutual mistake, 950 feet of border barrier was constructed in a location where Defendants agreed not to construct new border barrier with FY 20 or FY 21 funds.

### IV. Motions.

No motions are pending. Subject to the effectiveness of meetings and alternative dispute resolution, if any, Plaintiffs anticipate filing a motion under Federal Rule of Civil Procedure 60, as provided for in the parties' Settlement Agreement. ECF No. 372-1, ¶ 73.

### V. Amendment of Pleadings.

Amendment of pleadings is not anticipated.

### VI. Evidence Preservation.

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information and do not anticipate any issues with the preservation of evidence that is relevant and proportional to outstanding disputes.

### VII. Disclosures.

Disclosure requirements are not applicable to these post-settlement proceedings.

### VIII. Discovery.

No discovery has been taken.

*Plaintiffs' Position*: Plaintiffs anticipate that limited discovery, in the form of requests for admission or interrogatories, may facilitate the resolution of a Rule 60 motion, if one is forthcoming. Such discovery would focus on the nature and scope of construction in the § 2808 and § 284 project areas, including where Plaintiffs allege that construction has occurred in breach of the Settlement Agreement, and on the steps taken by the Defendants, if any, to ensure the funding availability required by the Settlement Agreement.

*Defendants' Position:* There is no pending litigation so there is no prospect for discovery. Should Plaintiffs file a Rule 60 motion, Defendants anticipate opposing any discovery, particularly discovery into litigation decisions made by Defendants in this or other litigation. Defendants have been forthcoming in conversations with Plaintiffs and in recent Court filings about their exact performance of the Settlement activities.

### IX. Class Actions.

This case is not a class action.

### X. Related Cases.

4:19-cv-872-HSG (N.D. Cal.) (closed on Aug. 2, 2023)

4:20-cv-1563-HSG (N.D. Cal.) (closed on Aug. 2, 2023)

### XI. Relief.

*Plaintiffs' Position*: Plaintiffs seek relief provided for in the parties' Settlement Agreement, including mitigation and remediation in the former § 2808 and § 284 project areas, remedies for construction in violation of the Settlement Agreement therein, and the execution of promised projects, including studying the impacts of barrier infrastructure lighting on dark skies and walls on animal migration pathways.

*Defendants' Position:* There are no pending filings in which Plaintiffs seek relief. As set out in the Settlement, if Plaintiffs wish to seek relief they may do so only through a Rule 60 motion and the only available relief is to reopen the underlying litigation. Settlement ¶ 74 (a).

### XII. Settlement & ADR.

The parties previously participated in a Settlement Conference with a Magistrate Judge.

***Plaintiffs' position***: Plaintiffs believe the prior Settlement Conference with a Magistrate Judge was fruitful, and that ADR would facilitate the resolution of ongoing disputes related to both nonperformance and prohibited construction.

Since the entry of the *GLO* injunction, Plaintiffs have made good faith attempts to resolve ongoing disputes without resort to post-settlement litigation, including by repeatedly identifying a narrow set of Defendants' unfulfilled Settlement Agreement obligations that are priorities for Plaintiffs: installation of small wildlife passages, SA ¶ 4; installation of large wildlife passes, *id*. ¶ 6; and a study assessing the impact of border barrier lighting within the § 284 and § 2808 Project Areas, *id*. ¶ 16. Plaintiffs also have proposed cost-neutral "swaps," including keeping storm gates open, as well as swaps that comply with the *GLO* injunction related to bollard spacing and design. While Plaintiffs remain hopeful that Defendants will accept these reasonable proposals and avoid further litigation—especially given Defendants' admission that they breached the Settlement Agreement in at least one respect, *see* ECF No. 382 at 11 n.4—they believe that oversight by a Magistrate Judge could impose clear timelines and ensure that necessary decision-makers are available to dispute resolution efforts.

The judicial resolution of specific disputes related to the legal availability of funding for fulfillment of the Settlement Agreement could facilitate a negotiated resolution.

***Defendants' position***: Defendants oppose ADR. The Settlement contemplates that any disputes would be handled by the parties unless and until a party files a Rule 60 motion with the Court alleging a breach. Defendants believe ADR would merely delay resolution of any dispute with limited prospect for results.

### XIII. Other References

This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

### XIV. Narrowing of Issues.

*Plaintiffs' Position*: The three issues that are most consequential to the case are predominantly legal questions that are disputed by the parties.

- Which commitments in the Settlement Agreement are contingent upon the availability of FY 21 barrier system funds?
- Whether Settlement Agreement provisions contingent on the availability of FY 21 barrier system funds can be construed to allow Defendants to fulfill those obligations through the use of alternative funds.
- Whether alternative funds, including those allocated in the One Big Beautiful Bill Act, are available to fulfill these commitments.

*Defendants' Position:* Because the case has been dismissed with prejudice, until Plaintiffs decide how they wish to proceed, there are no legal issues before the Court.

## XV. Scheduling.

Proposed dates for designation of experts, discovery cutoff, hearing on dispositive motions, pretrial conference, and trial are not applicable to disputes regarding the Settlement Agreement.

## XVI. Trial.

The parties do not anticipate a trial.

## XVII. Disclosure of Non-party Interested Entities or Persons.

The plaintiffs have filed a certificate of interested persons. *See* ECF No. 3, 4:19-cv-892-HSG (N.D. Cal.). Pursuant to Civil L.R. 3-15, other than the named parties, there is no interest to report. The defendants, as governmental parties, are exempt from L.R. 3-15.

## XVIII. Professional Conduct.

The attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

## XIX. Other.

Dated: October 28, 2025

By: */s/* David Donatti
David A. Donatti*
ACLU OF TEXAS
P.O. Box 8306
Houston, TX 77288
Tel: (713) 942-8146
*ddonatti@aclutx.org*

Cecillia D. Wang (SBN 187782)
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
425 California Street, Suite 700
San Francisco, CA 94104
Tel: (415) 343-0770
*cwang@aclu.org*

Jeffrey S. Stein*
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
Tel: (646) 905-8904
*jstein@aclu.org*

Gloria D. Smith (SBN 200824)**
SIERRA CLUB ENVIRONMENTAL LAW PROGRAM
2102 Webster Street, Suite 1300
Oakland, CA 94612
Tel: (415) 977-5532
*gloria.smith@sierraclub.org*

*Admitted Pro Hac Vice
**Attorney for Plaintiff Sierra Club only
*Attorneys for Plaintiffs*

Respectfully submitted,

*/s/ Sam Bean*
SAMUEL BEAN (MD)
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, D.C. 20005
Tel.: (202) 616-5084
Fax: (202) 616-8470
E-Mail: Samuel.B.Bean2@usdoj.gov

BRETT A. SHUMATE
Assistant Attorney General

ANDREW I. WARDEN
Assistant Director, Federal Programs Branch

*Counsel for Defendants*